LAWRENCE M. HADLEY – State Bar No. 157728
lhadley@glaserweil.com
JAN P. WEIR – State Bar No. 106652
jweir@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
Blaze Mobile, Inc., and Michelle Fisher

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLAZE MOBILE, INC., AND MICHELLE FISHER,<br><br>Defendants. | CASE NO.: 3:21-cv-02989-EJD<br><br>HON. EDWARD J. DAVILA<br><br>**DEFENDANTS', MICHELLE FISHER AND BLAZE MOBILE, INC., ANSWER TO SAMSUNG'S COUNTERCLAIMS IN REPLY**<br><br>**DEMAND FOR JURY TRIAL** |

Glaser Weil

Defendants, Michelle Fisher ("Fisher") and Blaze Mobile, Inc., ("Blaze Mobile") (Fisher and Blaze Mobile are collectively referred to as "Blaze" unless otherwise indicated by their individual name) hereby respond to Plaintiffs', Samsung Electronics, Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA" and collectively "Samsung") Counterclaims in Reply filed on September 27, 2021. (Dkt. No. 38, pp. 37-47.) The headings and numbered paragraphs below correspond to the headings and numbered paragraphs of the Counterclaims in Reply. Any allegations or averments not specifically admitted herein are denied. Any admissions herein are for purposes of this matter only. Blaze reserves the right to take further positions and raise additional defenses that may become apparent as a result of additional information discovered subsequent to filing this Answer. Blaze also repeats and realleges the responses provided in its Answer and Affirmative Defenses to Complaint for Declaratory Judgment; and Counterclaims for Patent Infringement filed on September 13, 2021 (Dkt. No. 30) as if fully set forth herein. Blaze further responds as follows.

## NATURE OF THE ACTION

1. Blaze admits that Samsung's Counterclaims in Reply states that this is an action for a declaratory judgment of non-infringement under the patent laws of the United States—35 U.S.C. §§ 2201-2202, by Samsung involving the patents defined by Samsung as the "Patents-In-Suit." Blaze denies that a declaration of non-infringement is appropriate and, as set forth in Blaze's Counterclaims filed on September 13, 2021, a judgment of patent infringement of at least on claim of each of the Patents-In-Suit is appropriate.

## THE PARTIES

2. On information and belief, Blaze admits the allegations of Paragraph 2 of the Counterclaims in Reply.

3. On information and belief, Blaze admits the allegations of Paragraph 3 of the Counterclaims in Reply.

4. Blaze admits that it is a privately held corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2930 Domingo Avenue, Suite 123, Berkeley, CA 94705 as alleged in Paragraph 4 of the Counterclaims in Reply.



Glaser Weil

5. Blaze admits that Michelle Fisher is the named inventor on all Patents-in-Suit and is the Chief Executive Officer ("CEO") and Founder of Blaze. Blaze further admits that at various times in the past Ms. Fisher resided in Oakland, California and while a resident of Oakland, California she conducted business on behalf of Blaze including prosecuting patent applications before the United States Patent and Trademark Office ("USPTO"). Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 5 of the Counterclaims in Reply.

**JURISDICTION AND VENUE**

6. Paragraph 6 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze admits that the Counterclaims in Reply purports to bring claims for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Blaze otherwise denies each and every other allegation of Paragraph 6 of the Complaint.

7. Paragraph 7 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze admits Samsung has alleged that an actual and justiciable controversy exists between Samsung and Blaze as to the alleged infringement of the claims of the Patents-in-Suit as alleged in Paragraph 7 of the Counterclaims in Reply. Blaze contends that Samsung entered into two Non-Disclosure Agreements in which Samsung promised and agreed that it would not use communications between the parties in seeking declaratory relief against Blaze.

8. Paragraph 8 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze admits Samsung alleges that subject matter jurisdiction in the Northern District of California over this action based upon a real and immediate controversy between Samsung and Blaze regarding whether various Samsung products, including Samsung Pay, Samsung Ads, and Samsung Galaxy Store infringe the Patents-in-Suit as alleged in Paragraph 8 of the Counterclaims in Reply. Blaze further admits that it has alleged in communications with Samsung (which the parties, under two separate non-disclosure agreements, agreed could not be used as a basis for declaratory judgment action) that Samsung Pay, Samsung Ads, and Samsung Galaxy Store used on Samsung mobile products including Samsung's Galaxy mobile phones and



Glaser Weil

Glaser Weil

tablets, infringe certain claims of the Patents-in Suit as also alleged in Paragraph 8 of the Counterclaims in Reply. Blaze contends that Samsung entered into two Non-Disclosure Agreements in which Samsung promised and agreed that it would not use communications between the parties in seeking declaratory relief against Blaze. Blaze further admits that Samsung filed its Complaint for Declaratory Judgment on April 25, 2021, and that Blaze filed counterclaims against Samsung on September 13, 2021.

9. For purposes of this action only, Blaze Mobile does not contest personal jurisdiction in the Northern District of California.

10. For purposes of this action only, Michelle Fisher does not contest personal jurisdiction in the Northern District of California.

11. For purposes of this action only, Blaze does not contest that venue under 28 U.S.C. § 1391 is proper in the Northern District of California, however, as set forth in Defendants' Motion for Intradistrict Transfer (Dkt. Nos. 25, 26, and 27), considering the convenience of the witnesses and the interests of justice, venue is more properly located in the Oakland Division of the Northern District of California.

## FACTUAL BACKGROUND

**Samsung's Allegations Regarding the Patents-in-Suit**

12. Blaze admits that U.S. Patent No. 9,378,493 ("the '493 Patent") is entitled "Mobile Communication Device Near Field Communication (NFC) Transactions," and was issued on June 28, 2016. Blaze further admits that the application for the '493 Patent was filed on September 14, 2012, as a continuation of an earlier filed application and thus has an effective filing date of November 14, 2007. Blaze admits that Michelle Fisher and Rathin Guha are the inventors of the inventions claimed in the '493 Patent and that Michelle Fisher was the original assignee. Blaze also admits that the '493 Patent is currently assigned to Blaze Mobile and a true and correct copy of the '493 Patent is attached as Exhibit 1 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 12 of the Counterclaims in Reply.

13. Blaze admits that U.S. Patent No. 9,652,771 ("the '771 Patent") is entitled "Induction Based Transactions at a Mobile Device with Authentication," and was issued on May 16, 2017.

Blaze further admits that the application for the ’771 Patent was filed on June 7, 2016, as a continuation of earlier filed applications and thus has an effective filing date of November 14, 2007. Blaze admits that Michelle Fisher is the sole inventor of the inventions claimed in the ’771 Patent and was its original assignee. Blaze also admits that the ’771 Patent is currently assigned to Blaze and a true and correct copy of the ’771 Patent is attached as Exhibit 2 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 13 of the Counterclaims in Reply.

14. Blaze admits that U.S. Patent No. 9,996,849 (“the ’849 Patent”) is entitled “Remote Delivery of Advertisements,” and was issued on June 12, 2018. Blaze further admits that the application for the ’849 Patent was filed on April 20, 2016, as a continuation of earlier filed applications and thus has an effective filing date of February 14, 2014. Blaze further admits that Michelle Fisher is the sole inventor of the inventions claimed in the ’849 Patent and was the original assignee. Blaze also admits that the ’849 Patent is currently assigned to Blaze and a true and correct copy of the ’849 Patent is attached as Exhibit 3 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 14 of the Counterclaims in Reply.

15. Blaze admits that U.S. Patent No. 10,339,556 (“the ’556 Patent”) is entitled “Selecting and Transmitting an Advertisement from a Server in Response to User Input,” and was issued on July 2, 2019. Blaze further admits that the application for the ’556 Patent was filed on May 15, 2018, as a continuation of earlier filed applications and thus has an effective filing date of December 13, 2007. Blaze further admits that Michelle Fisher as its sole inventor of the inventions claimed in the ’556 Patent and its original assignee. Blaze also admits that the ’556 Patent is currently assigned to Blaze and a true and correct copy of the ’556 Patent is attached as Exhibit 4 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 15 of the Counterclaims in Reply.

16. Blaze admits that U.S. Patent No. 10,621,612 (“the ’612 Patent”) is entitled “Displaying an Advertisement in Response to User Input Using a Non-Browser Based Application,” and was issued on April 14, 2020. Blaze further admits that the application for the ’612 Patent was



Glaser Weil

filed on June 28, 2019, as a continuation of earlier filed applications and thus has an effective filing date of December 13, 2007. Blaze further admits that Michelle Fisher is the sole inventor of the inventions claimed in the ’612 Patent and its original assignee. Blaze also admits that the ’612 Patent is currently assigned to Blaze and a true and correct copy of the ’612 Patent is attached as Exhibit 5 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 16 of the Counterclaims in Reply.

17. Blaze admits that U.S. Patent No. 10,699,259 (“the ’259 Patent”) is entitled “Remote Transaction Processing Using a Mobile Device,” and was issued on June 30, 2020. Blaze further admits that the application for the ’259 Patent was filed on March 21, 2016, as a continuation of earlier filed applications and thus has an effective filing date of November 30, 2007. Blaze further admits that the Michelle Fisher as its sole inventor of the inventions claimed in the ’259 Patent and its original assignee. Blaze also admits that the ’259 Patent is currently assigned to Blaze and a true and correct copy of the ’259 Patent is attached as Exhibit 6 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 17 of the Counterclaims in Reply.

18. Blaze admits that U.S. Patent No. 10,565,575 (“the ’575 Patent”) is entitled “NFC Mobile Device Transactions with a Digital Artifact,” and was issued on February 18, 2020. Blaze further admits that application for the ’575 Patent was filed on April 20, 2019, as a continuation of earlier filed applications and thus has an effective filing date of November 30, 2007. Blaze further admits that Michelle Fisher is the sole inventor of the inventions claimed in the ’575 and its original assignee. Blaze also admits that the ’575 Patent is currently assigned to Blaze and a true and correct copy of the ’259 Patent is attached as Exhibit 7 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 18 of the Counterclaims in Reply.

19. Blaze admits that U.S. Patent No. 10,825,007 (“the ’007 Patent”) is entitled “Remote Transaction Processing of at a Transaction Server,” and was issued on November 3, 2020. Blaze further admits that the application for the ’007 Patent was filed on April 15, 2014, as a continuation of earlier filed applications and thus has an effective filing date of November 30, 2007. Blaze



Glaser Weil

further admits that Michelle Fisher is the sole inventor of the inventions claimed in the ’007 Patent lists and its original assignee. Blaze also admits that the ’007 Patent is currently assigned to Blaze and a true and correct copy of the ’007 Patent is attached as Exhibit 8 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every remaining allegation of Paragraph 19 of the Counterclaims in Reply.

20. Blaze admits that it is the owner by assignment of the Patents-in-Suit. Blaze further admits that is the owner of over 50 issued and pending U.S. patents. Blaze reserves all rights to object to or oppose Samsung’s attempt to amend its Complaint to seek a declaratory judgment of non-infringement, invalidity, and/or unenforceability of the Patents-in-Suit or any other U.S. patent owned by Blaze or Michelle Fisher.

21. Blaze admits that the Patents-in-Suit are based upon continuation applications and that there remain pending in the USPTO one or more related continuation applications. Except as otherwise admitted herein Blaze denies each and every other allegation in Paragraph 21 of the Counterclaims in Reply.

22. Blaze admits that the ’849, ’556, and ’612 Patents claim priority to the application for U.S. Patent No. 8,693,995 which was filed on December 13, 2007. Blaze further admits that the application for the ’556 Patent was a continuation of the application that issued as the ’849 Patent and that the application for the ’612 Patent was a continuation of the application that issued as the ’556 Patent. Except as otherwise admitted herein, Blaze denies each and every other allegation in Paragraph 22 of the Counterclaims in Reply.

23. Blaze admits that ’493 and ’771 Patents claim priority to the application for U.S. Patent. No. 8,290,433 which was filed on November 14, 2007. Blaze further admits that the application for the ’771 Patent was a continuation of the application that issued as the ’493 Patent. Except as otherwise admitted herein, Blaze denies each and every other allegation in Paragraph 23 of the Counterclaims in Reply.

24. Blaze admits that the ’575, ’259, and ’007 Patents claim priority to the application for U.S. Patent No. 8,352,323 which was filed on November 30, 2007. Except as otherwise admitted Blaze herein, denies each and every other allegation in Paragraph 24 of the Counterclaims



Glaser Weil

in Reply.

**Samsung's Allegations Relating to The Parties' Dispute Belongs in California**

25. Blaze admits that it was founded in 2005 in Alameda, California and had a business address in Berkeley, California which are within the Oakland Division of the Northern District of California. Blaze further admits that it is a Delaware corporation. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 25 in the Counterclaims in Reply.

26. Blaze admits that it was founded by Michelle Fisher and that Michelle Fisher is the Chief Executive Officer of Blaze and a named inventor on all of the Patents-in-Suit. Blaze further admits that Michelle Fisher corresponded with the USPTO from a Berkeley return address. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 26 in the Counterclaims in Reply.

27. Blaze admits that Michelle Fisher is an inventor of the inventions claimed in the Patents-in-Suit and currently in a named inventor on over 50 issued U.S. Patents. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 27 in the Counterclaims in Reply.

28. Blaze admits that Michelle Fisher was involved in the prosecution of the Patents-in-Suit and had some telephonic discussions with USPTO examiners from her Alameda County address. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 28 in the Counterclaims in Reply.

29. Blaze admits that Michelle Fisher engaged in licensing negotiations with mobile phone manufacturers regarding Blaze's patents from Alameda County. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 29 in the Counterclaims in Reply.

**Samsung's Allegations Regarding Blaze's Allegations of Infringement Against Samsung**

30. Blaze admits that its representative, Synergy IP Corp., sent the letter a copy of which is attached as Exhibit 9 to the Complaint. Blaze further does not deny the content of the letter in full context as contained in Exhibit 9 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 30 of the Counterclaims in Reply.



Glaser Weil

31. Blaze admits that the letter attached as Exhibit 9 attached claim charts comparing certain Samsung products to certain claims of the ’575, ’771, ’849, and ’259 Patents-in-Suit. Blaze further does not deny the content of the charts attached to Exhibit 9 to the Complaint in their full context. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 31 of the Counterclaims in Reply.

32. Blaze admits that Michelle Fisher sent the letter a copy of which is attached as Exhibit 14 to the Complaint. Blaze further does not deny the content of the letter in full context as contained in Exhibit 14 to the Complaint. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 32 of the Counterclaims in Reply.

33. Blaze admits that the letter attached as Exhibit 14 attached claim charts comparing certain Samsung products to certain claims of the ’575, ’771, ’849, and ’259 Patents-in-Suit. Blaze further does not deny the content of the charts attached to Exhibit 14 to the Complaint in their full context. Except as otherwise admitted herein, Blaze denies each and every other allegation of Paragraph 33 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG’S COUNT I**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,378,493)**

34. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 33 above as though fully set forth herein.

35. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the ’493 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 35 of the Counterclaims in Reply.

36. Paragraph 36 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 36 of the Counterclaims in Reply.

37. Blaze denies the allegations of Paragraph 37 of the Counterclaims in Reply.

38. Paragraph 38 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 38 of the Counterclaims in Reply.



Glaser Weil

Glaser Weil

**RESPONSE TO SAMSUNG'S COUNT II**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,996,849)**

39. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 38 above as though fully set forth herein.

40. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '849 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 40 of the Counterclaims in Reply.

41. Paragraph 41 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 41 of the Counterclaims in Reply.

42. Blaze denies the allegations of Paragraph 42 of the Counterclaims in Reply.

43. Paragraph 43 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 43 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG'S COUNT III**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,339,556)**

44. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 43 above as though fully set forth herein.

45. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '556 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 45 of the Counterclaims in Reply.

46. Paragraph 46 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 46 of the Counterclaims in Reply.

47. Blaze denies the allegations of Paragraph 47 of the Counterclaims in Reply.

48. Paragraph 48 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 48 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG'S COUNT IV**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,621,612)**

49. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 48 above as though fully set forth herein.

50. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '612 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 50 of the Counterclaims in Reply.

51. Paragraph 51 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 51 of the Counterclaims in Reply.

52. Blaze denies the allegations of Paragraph 52 of the Counterclaims in Reply.

53. Paragraph 53 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 53 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG'S COUNT V**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,652,771)**

54. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 53 above as though fully set forth herein.

55. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '771 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 55 of the Counterclaims in Reply.

56. Paragraph 56 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 56 of the Counterclaims in Reply.

57. Blaze denies the allegations of Paragraph 57 of the Counterclaims in Reply.

58. Paragraph 58 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 58 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG'S COUNT VI**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,699,259)**

59. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 58 above as though fully set forth herein.

60. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '259 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 60 of the Counterclaims in Reply.

61. Paragraph 61 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 61 of the Counterclaims in Reply.

62. Blaze denies the allegations of Paragraph 62 of the Counterclaims in Reply.

63. Paragraph 63 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 63 of the Counterclaims in Reply.

**RESPONSE TO SAMSUNG'S COUNT VII**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,565,575)**

64. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 63 above as though fully set forth herein.

65. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '575 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 60 of the Counterclaims in Reply.

66. Paragraph 61 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 61 of the Counterclaims in Reply.

67. Blaze denies the allegations of Paragraph 67 of the Counterclaims in Reply.

68. Paragraph 68 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 68 of the Counterclaims in Reply.



Glaser Weil

**RESPONSE TO SAMSUNG'S COUNT VIII**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,825,007)**

69. Blaze incorporates by reference its response to the allegations in Paragraphs 1 through 68 above as though fully set forth herein.

70. Blaze admits an actual and justiciable controversy exists between Samsung and Blaze concerning the validity of the '007 Patent. Except as specifically admitted here, Blaze denies each and every remaining allegation of Paragraph 70 of the Counterclaims in Reply.

71. Paragraph 71 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 71 of the Counterclaims in Reply.

72. Blaze denies the allegations of Paragraph 72 of the Counterclaims in Reply.

73. Paragraph 73 states a legal conclusion as to which no response is required. To the extent a response is required, Blaze denies the allegations of Paragraph 68 of the Counterclaims in Reply.

**RESPONSE TO PRAYER FOR RELIEF ON SAMSUNG'S COUNTERCLAIMS**

WHEREFORE, Blaze incorporates by references its Prayer for Relief in its Answer and respectfully requests that the Court further grant the following relief:

A. That all relief requested by Samsung in its Complaint and Counterclaims in Reply be denied;

B. That this Court enter judgment finding that the Accused Samsung Pay Products, Accused Samsung Galaxy Store Products, and the Accused Samsung Ads Products infringe the asserted claims of the Patents-in-Suit;

C. That Blaze be awarded damages pursuant to 35 U.S.C. § 284;

D. That Samsung's infringement was willful and egregious and that this case is therefore "exceptional" under 35 U.S.C. § 285 and award Blaze its attorneys' fees and costs;

E. That the Court increase Blaze's damages up to three time the amount assessed under 35 U.S.C. § 284;

F. The entry of temporary and permanent injunctions prohibiting further acts of direct



Glaser Weil

or indirect infringement of the Patents-in-Suit by Samsung and those acting in concert with Samsung; and

G. That Blaze be awarded all other relief, both legal and equitable, to which if may be justly entitled.

**JURY TRIAL DEMAND**

Pursuant to Federal Rules of Civil Procedure 38, Blaze hereby demands a trial by jury on all issues and claims so triable.

DATED: October 18, 2021

Respectfully submitted,

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: */s/ Lawrence M. Hadley*
LAWRENCE M. HADLEY
Attorneys for Defendants
Blaze Mobile, Inc., and Michelle Fisher