UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC., et al.,<br><br>Defendants. | Case No.  5:21-cv-02989-EJD<br><br>**ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 26, 39 |

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), initiated this suit against Defendants Blaze Mobile, Inc. and Michelle Fisher (collectively, "Blaze") seeking a declaratory judgment of non-infringement as to the following eight patents: U.S. Patent Nos. 9,378,493, 9,652,771, 9,996,849, 10,339,556, 10,621,612, 10,699,259, 10,565,575, and 10,825,007 (collectively, the "Patents-in-Suit"). There are two motions before the Court. First, Blaze moves for intra-district transfer to the Oakland Division. Dkt. No. 26. Blaze contends that based on the convenience of the parties and witnesses, and in the interest of justice, the case should be transferred to the Oakland Division under 28 U.S.C. § 1404(b) and N.D. Cal. Local Rule 3-2(h). Second, Samsung requests an order staying the case pending the outcome of *Inter Partes* Review ("IPR"). Even if the stay is granted, Samsung asks the Court to consider and resolve its Federal Rule of Civil Procedure 12(c) motion,

which was filed on October 29, 2021, and is scheduled to be heard on March 10, 2022. The Rule 12(c) motion raises a challenge under 35 U.S.C. § 101. For the reasons discussed below, Blaze's motion for intra-district transfer is denied, and Samsung's motion for a stay is denied.

## I. BACKGROUND

Plaintiff Samsung Electronics Co., Ltd is based in South Korea. ECF 1 at 2. Plaintiff Samsung Electronics America, Inc., is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. *Id*. Defendant Blaze Mobile, Inc is a privately held corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California. *Id*. Defendant Michelle Fisher is the Chief Executive Officer and founder of Defendant Blaze Mobile, Inc. and named inventor on the Patents-in-Suit. *Id*. She resides in Northern California. *Id*. The Patents-in-Suit can be generally classified into three groups: Near Field Communication ("NFC") Security Improvements; Non-Browser Mobile Applications Security Improvements; and Non-Browser Mobile Applications Performance Improvements. ECF 25 at 7-8. Blaze's "Mobile Wallet" product is a mobile application that can be used to pay bills, transfer funds, check account balances, purchase tickets, receive coupons, and more. *Id*. at 6.

Pre-suit, Blaze provided Samsung with claim charts and infringement accusations. ECF 28-4 at 5.[1] On April 25, 2021, Samsung filed its Complaint for a declaratory judgment of non-infringement. ECF 1. On September 13, 2021, Blaze filed its Answer and Counterclaims alleging infringement of the Patents-in-Suit. ECF 30. The accused products include Samsung Pay, Samsung Ads, and Samsung Galaxy Store. ECF 1 at 3.

Starting in September of 2021, Samsung filed petitions for IPR that cover each of the eight Patents-in-Suit and all of the asserted claims raised in Samsung's Complaint and in Blaze's Counterclaims. Samsung filed five of its eight IPRs before Blaze filed its infringement Counterclaims and filed the remaining three within two weeks of receiving Blaze's Counterclaims.

---

[1] The parties entered into non-disclosure agreements, but these claims charts and infringement accusations are not covered by those agreements. *Id*. at 5.

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS

2

1 The first institution decision is expected in March of 2022.

## II. DISCUSSION

### A. Motion to Transfer

This suit was assigned to the San Jose division pursuant to Civil Local Rule 3-2(c), which provides that the Clerk "shall assign civil actions and proceedings pursuant to the Court's Assignment Plan (General Order No. 44)." Civil L.R. 3-2(2). General Order No. 44 in turn provides in pertinent part as follows:

> Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for prisoner petitions (including death penalty habeas corpus), bankruptcy, *intellectual property rights* . . . and securities class actions. Venue for cases in these categories shall be proper in any courthouse in this District. *These cases shall not be reassigned on the basis of intra-district venue*.

General Order No. 44 (emphasis added). Because patent cases are assigned on a district-wide basis, the "nexus of this dispute" (ECF 33 at 5) and where the suit arose (*id.* at 7) are irrelevant, notwithstanding Blaze's arguments to the contrary. *See id.* ("These cases shall not be reassigned on the basis of intra-district venue.").

Under the Local Rules, transfers to a different division are permitted in limited circumstances:

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that (1) a civil action has not been assigned to the proper division within this district in accordance with this rule, or (2) that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, *subject to the provisions of the Court's Assignment Plan*.

N.D. Cal. Local Rule 3-2(h) (emphasis added). Subsection (2) of Local Rule 3-2(h) is consistent with 28 U.S.C. § 1404(a) in that it contemplates transfers to other divisions for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(b) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS

all parties have consented."). Notably, however, Local Rule 3-2(h) provides that transfers for the convenience of the parties and witnesses and the interests of justice are "subject to" the Assignment Plan, i.e. General Order 44. Thus, Local Rule 3-2(h) suggests that even if the convenience of the parties and witnesses and the interest of justice weigh in favor of an intra-district transfer, a case that is assigned on a district wide basis, such as a patent case, should not be transferred.

Nevertheless, the Court has considered the convenience of the parties and witnesses and the interests of justice, and concludes that an intra-district transfer is unwarranted. As the moving party, Blaze has the burden of showing good cause for the intra-district transfer. *Stribling v. Picazo*, No. 15-CV-03337-YGR, 2018 WL 620146, at *2 (N.D. Cal. Jan. 30, 2018). Although Blaze has presented some evidence that the Oakland courthouse would be more convenient for it,[2] the San Jose courthouse would be more convenient for Samsung. Therefore, an intra-district transfer would "merely shift the inconvenience from defendants to plaintiff[s]." *Stribling*, 2018 WL 620146, at *2. The convenience of the parties weighs against an intra-district transfer.

Second, there is insufficient information in the record to show that the Oakland court would be more convenient for witnesses. Blaze represents that its employees are potential witnesses, and that "[m]ost potential witnesses" reside in the Oakland Division or reside closer to the Oakland Division than the San Jose Division. ECF 25 at 14. However, none of the Blaze employees (other than Defendant Michelle Fisher) are inventors of the Patents-in-Suit. Instead, Blaze's employees "worked on software development, product development, quality assurance and systems administration" for Blaze's products (ECF 25 at 12). As Samsung points out, Blaze fails to explain why these employees would have relevant knowledge of Samsung's products, the alleged infringement, or any other issue in the case. In the reply brief, Blaze suggests for the first

---

[2] Blaze Mobile's operations are centered in Alameda County. Ms. Fisher was a resident of Alameda County during the relevant times leading to this suit. She currently resides in Arizona to care for a family member, but plans to return to Alameda County.

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS
4

time that its employees have information relevant to licensing and potential damages.  ECF 33 at 8.  The Court will not consider this last-minute argument.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that arguments raised for the first time in a reply brief are waived); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court should not consider new evidence presented in a reply without giving the non-movant an opportunity to respond).

In contrast, Samsung represents that some of its relevant witnesses are located in Mountain View, California—within the San Jose Division.  ECF 28-4 at 4-5.  More specifically, Samsung represents that the Samsung Pay application was developed in Mountain View, California, and that some of the individuals involved with the project remain employed by Samsung in Mountain View.  *Id*. at 6.  Similarly, Samsung employees involved in product management for Samsung Ads are employed by Samsung in Mountain View.  *Id*.[3]  Further, Samsung believes that third party witnesses are located in the San Jose area.  *Id*. at 6, 10.  Samsung explains that its mobile devices at issue use Google's Android operating system, and their accused features are implemented, in part, using Google's Android technology.  *Id*.  6-7.  Google's Android technology was principally developed in Mountain View (*id*. 6, 11), which suggests that employees with knowledge of the Android technology are likely to be in the Silicon Valley, and thus near the San Jose courthouse.  The convenience of the witnesses weighs against an intra-district transfer.

As to the remaining factor, interests of justice, Blaze argues that Samsung's breach of the non-disclosure agreements ("NDAs") supports an intra-district transfer to the Oakland courthouse.  Blaze reasons as follows:

> Samsung used the prohibited communications, in direct violation of the parties' NDAs, to tactically sue Blaze Mobile and Fisher  . . . .  Had Samsung not breached the parties' NDAs by using [the parties'] communications as a basis for alleging subject matter jurisdiction, no lawsuit would be pending. While this may cast Samsung in an "unfavorable light," its violation of the NDAs places the center of this dispute squarely within Alameda County. At the very least, Samsung

---

[3] Thus, Blaze's contention that Samsung's witnesses all reside outside the District in South Korea appears to be inaccurate.

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS

5

> should not be rewarded by forcing Blaze's witnesses to appear in San Jose when both Blaze and Fisher have longstanding roots in Alameda County.

ECF 33 at 4. The argument is unpersuasive. Whether there has been a breach of the terms of the NDAs is beyond the scope of this declaratory relief/infringement action, and is irrelevant to the issues raised in the parties' respective motions. If Blaze believes there is no subject matter jurisdiction, its recourse is to file the appropriate Rule 12 motion, not a motion for an intra-district transfer.

Samsung argues that the potential for regional bias weighs against an intra-district transfer. The argument is based on pure speculation, and therefore unpersuasive. The Court finds the interest of justice factor is neutral.

Lastly, Blaze contends that the District's Caseload Rebalancing Pilot Program supports an intra-district transfer. That Pilot Program, however, is managed by the Clerk's Office. Judges do not have the discretion to transfer cases under the Pilot Program.

In sum, General Order 44, Local Rule 3, and two of the three section 1404(b) factors weigh against an intra-district transfer. Accordingly, Blaze's motion for an intra-district transfer is denied.

### B.     Motion to Stay

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS

6

1     Here, the first factor weighs in favor of a stay because "[d]iscovery ha[s] not yet begun and

2 no trial date had been set." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed.

3 Cir. 2014). The case is at the pleading stage, discovery has not begun, and the Court has yet to set

4 a schedule for the case, much less a trial date.

5     At present, the second factor weighs against a stay. "[T]he filing of an IPR request does

6 not by itself simplify the issues in a case." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology

7 Corp.*, No. 15-cv-1362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (citing *Trover

8 Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tx.

9 Mar. 11, 2015) (describing how the majority of courts that have addressed the issue have either

10 postponed ruling on stay requests or have denied stay requests when the United States Patent and

11 Trademark Office ("PTAB") has not yet acted on a petition for review) (collecting cases)).

12 Accordingly, "the majority of courts . . . have denied stay requests when the PTAB has not yet

13 acted on the [IPR] petition for review." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. C-14-3348

14 EMC, 2014 WL 12957991, at *1 (N.D. Cal. Oct. 14, 2014) (emphasis added) (citing *Loyalty

15 Conversion Sys. Corp. v. American Airlines, Inc.*, No. 13-cv-665, 2014 WL 3736514 at *1-2 (E.D.

16 Tx. Jul. 29, 2014)). *But see Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, 2018 WL

17 4859167, at *2 (N.D. Cal. Sept. 28, 2018) (noting that it is not uncommon for courts to stay

18 litigation pending reexamination prior to the PTO deciding to reexamine the patent); *Viavi Sols.

19 Inc. v. Platinum Optics Tech. Inc.*, No. 20-cv-05501-EJD, 2021 WL 1893142 (ND Cal. May 11,

20 2021) (entering pre-institution stay). Samsung is concerned about expending resources between

21 now and when the last PTAB institution decision will be rendered. However, this is a common

22 occurrence in patent litigation and one of Samsung's own making. Samsung elected to initiate this

23 declaratory relief action before filing IPRs.

24     The third factor is prejudice. Blaze has an interest in the timely enforcement of its patent

25 rights. Blaze also argues that it would be fundamentally unfair for Samsung to pursue a Rule

26 12(c) motion "while freezing all other progress in the case." ECF 43 at 12. The Court agrees and

27 Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT
28 PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE
PLEADINGS

7

United States District Court
Northern District of California

1  is not inclined to issue a partial stay of the case just because Samsung believes it has a meritorious

2  Section 101 defense.

3  On balance, the Court finds that a pre-institution stay of proceedings is not warranted.

### III. CONCLUSION

For the reasons stated above, Blaze's motion to transfer is DENIED and Samsung's motion to stay is DENIED without prejudice to renew the motion if the PTAB institutes IPR. No later than January 31, 2022, the parties shall meet and confer and submit an updated version of the proposed scheduled filed on October 18, 2021 as ECF 40-1.

Because of the Court's current calendar constraints, Samsung's motion for judgment on the pleadings is continued from March 10, 2022 to May 12, 2022 at 9:00 a.m. The parties shall file a joint status report within five business days of the PTO's decision(s).

**IT IS SO ORDERED.**

Dated: January 11, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO TRANSFER; DENYING MOTION TO STAY WITHOUT PREJUDICE TO RENEW; RESETTING HEARING FOR MOTION FOR JUDGMENT ON THE PLEADINGS
8