LAWRENCE M. HADLEY – State Bar No. 157,728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD – State Bar No. 320,303
sunderwood@glaserweil.com
JASON LINGER – State Bar No. 323,031
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
TELEPHONE: (310) 553-3000
FACSIMILE: (310) 556-2920

Attorneys for Defendants-Counterclaim Plaintiffs
Blaze Mobile, Inc., and Michelle Fisher

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> BLAZE MOBILE, INC., AND MICHELLE FISHER, <br><br> Defendants-Counterclaim Plaintiffs. | CASE NO.: 5:21-cv-02989-EJD <br><br> HON. EDWARD J. DAVILA <br><br> **BLAZE MOBILE, INC.'S STATEMENT OF RECENT DECISIONS RELEVANT TO SAMSUNG'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 47)** <br><br> Hearing Date: May 12, 2022 <br> Time: 9:00 AM <br> Place: 280 South First Street, San Jose, Courtroom 4, 5th Floor <br> Judge: Hon. Edward J. Davila |

Pursuant to Local Rule 7-3(d)(2), Defendants-Counterclaim Plaintiffs Blaze Mobile, Inc. and Michelle Fisher (collectively, "Blaze") respectfully submit this Statement of Recent Decisions to alert the Court to several recent judicial opinions that are relevant to Samsung's motion for judgment on the pleadings due to alleged patent-ineligibility under 35 U.S.C. § 101 (Dkt. 47).

In September 2021, Samsung filed eight petitions for *inter partes* review ("IPR") with the U.S. Patent & Trademark Office, challenging each of the Asserted Patents in this case as "obvious." In March-April 2022, the Patent Trial & Appeal

Board ("PTAB") denied institution in all eight of the IPRs, finding that Samsung did not establish a reasonable likelihood of proving unpatentability of any of the challenged claims. The PTAB's eight published decisions denying IPR are available at the citations below. Copies are also being provided as Exhibits to this Statement:

- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01499, 2022 WL 945583, Paper 11 (PTAB Mar. 14, 2022) (involving U.S. Patent No. 9,996,849) (attached hereto as **Exhibit A**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01500, 2022 WL 945685, Paper 11 (PTAB Mar. 14, 2022) (involving U.S. Patent No. 10,339,556) (attached hereto as **Exhibit B**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01501, 2022 WL 945586, Paper 11 (PTAB Mar. 14, 2022) (involving U.S. Patent No. 10,621,612) (attached hereto as **Exhibit C**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01529, 2022 WL 945577, Paper 14 (PTAB Mar. 16, 2022) (involving U.S. Patent No. 10,699,259) (attached hereto as **Exhibit D**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01530, 2022 WL 946137, Paper 16 (PTAB Mar. 16, 2022) (involving U.S. Patent No. 10,825,007) (attached hereto as **Exhibit E**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc.*, IPR2021-01569, 2022 WL 945582, Paper 11 (PTAB Mar. 22, 2022) (involving U.S. Patent No. 9,652,771) (attached hereto as **Exhibit F**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc., No.* IPR2021-01571, 2022 WL 1026541, Paper 15 (PTAB Apr. 4, 2022) (attached as **Exhibit G**);
- *Samsung Elecs. Co., Ltd. v. Blaze Mobile, Inc., No.* IPR2021-01570, Paper 17 (PTAB Apr. 12, 2022) (attached as **Exhibit H**);

Additionally, since the filing of Blaze's Opposition (Dkt. 50), the Federal Circuit and various district courts have found inventions similar to Blaze's patented

inventions eligible for patenting under 35 U.S.C. § 101. Those decisions provide further support for denying Samsung's motion. Those decisions include:

Federal Circuit Decisions:

- *Mentone Sols. LLC v. Digi Int'l Inc.,* No. 2021-1202, 2021 WL 5291802 (Fed. Cir. Nov. 15, 2021) (nonprecedential) (attached hereto as **Exhibit I**): Claims directed to methods of wireless data communication were patent-eligible as a matter of law (reversing district court).
- *California Inst. of Tech. v. Broadcom Ltd.,* 25 F.4th 976, 988 (Fed. Cir. 2022) (attached hereto as **Exhibit J**):  Claims directed to methods of encoding data were eligible as a matter of law (affirming district court).

District Court Decisions:

- *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-CV-03343-EMC, 2021 WL 5565836 (N.D. Cal. Nov. 29, 2021) (attached hereto as **Exhibit K**): Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a method of handling unauthorized electronic communications could not be held ineligible on a Rule 12(b)(6) motion.
- *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2022 WL 783338 (N.D. Cal. Mar. 14, 2022) (attached hereto as **Exhibit L**):  Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to methods of using random numbers in Internet computer gaming could not be held ineligible on a Rule 12(b)(6) motion.
- *MicroPairing Techs. LLC v. Am. Honda Motor Co.*, No. CV 21-4034JVS(KESX), 2021 WL 6618817 (C.D. Cal. Dec. 9, 2021) (attached hereto as **Exhibit M**): Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a method of selecting wireless audio sources could not be held ineligible on a 12(b)(6) motion.

- *Vidstream LLC v. Twitter, Inc.,* No. 3:16-CV-0764-N, 2022 WL 992743 (N.D. Tex. Apr. 1, 2022) (attached hereto as **Exhibit N**): Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a method of uploading video data to a central server could not be held ineligible on a Rule 12(b)(6) motion.

- *Trident Holdings, Inc. v. HubSpot, Inc.,* No. CV 21-401-CFC, 2022 WL 823514 (D. Del. Mar. 18, 2022) (attached hereto as **Exhibit O**):  Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a method of automated targeted advertisement could not be held ineligible on a Rule 12(b)(6) motion.

- *Mirror Worlds Techs., LLC v. Facebook, Inc.*, No. 17-CV-3473 (JGK), 2022 WL 682290 (S.D.N.Y. Mar. 2, 2022) (attached as **Exhibit P**): Denying summary judgment:  drawing all reasonable inferences in favor of patentee, claims directed to a method of storing computer data based on timestamps could not be held ineligible on a Rule 56 motion.

- *Mirror Imaging, LLC v. PNC Bank, N.A.*, No. W-21-CV-00518-ADA, 2022 WL 229363 (W.D. Tex. Jan. 26, 2022) (attached as **Exhibit Q**):  Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a method of storing and organizing financial records by date could not be held ineligible on a Rule 12(b)(6) motion.

- *LiTL LLC v. Lenovo (United States), Inc.*, No. CV 20-689-RGA, 2022 WL 610739 (D. Del. Jan. 21, 2022) (attached as **Exhibit R**):  Denying motion to dismiss:  drawing all reasonable inferences in favor of patentee, claims directed to a user interface for interacting with a server, to obtain content from the server, could not be held ineligible on a Rule 12(b)(6) motion.

- *Westwood One, LLC v. Loc. Radio Networks, LLC*, No. 1:21-CV-88-HAB, 2022 WL 190658 (N.D. Ind. Jan. 21, 2022) (attached as **Exhibit S**):  Denying motion for judgment on the pleadings:  drawing all reasonable

inferences in favor of patentee, claims directed to methods of communicating requests for content over the Internet could not be held ineligible on a Rule 12(c) motion.

- *Bytemark, Inc. v. Xerox Corp.,* No. 17 CIV. 1803 (PGG), 2022 WL 94859 (S.D.N.Y. Jan. 10, 2022) (attached as **Exhibit T**): Granting patentee's motion for leave to amend: drawing all reasonable inferences in favor of patentee, claims directed to methods of distributing e-tickets over the Internet could not be held ineligible as a matter of law.

- *eBuddy Techs. B.V. v. LinkedIn Corp.,* No. CV 20-1501-RGA-CJB, 2021 WL 7209517, at *2 (D. Del. Nov. 29, 2021*), report and recommendation adopted,* No. CV 20-1501-RGA, 2022 WL 733996 (D. Del. Mar. 11, 2022) (attached as **Exhibit U**): Denying motion to dismiss: drawing all reasonable inference in favor of patentee, claims directed to methods of sharing contact lists across computer networks could not be held ineligible on a Rule 12(b)(6) motion.

- *Broadcom Corp. et al. v. Netflix, Inc.*, No. 3:20-CV-04677-JD, 2022 WL 1105073, at *6 (N.D. Cal. Apr. 13, 2022) (attached as **Exhibit V**): Granting motion for judgment on the pleadings under § 101, but also granting patentee leave to amend complaint to address § 101 deficiencies.

Consideration of the foregoing authorities, each of which issued after Blaze filed its Opposition to Samsung's Motion, is respectfully requested.

Respectfully submitted,

DATED: April 21, 2022    GLASER WEIL FINK HOWARD
                         AVCHEN & SHAPIRO

By: */s/ Lawrence M. Hadley*
    LAWRENCE M. HADLEY
    STEPHEN UNDERWOOD
    Attorneys for Blaze Mobile, Inc.