UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC., et al.,<br><br>Defendants. | Case No. 5:21-cv-02989-EJD<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 103 |

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, "Samsung"), initiated this suit against Defendants Blaze Mobile, Inc., and Michelle Fisher (collectively, "Blaze") seeking a declaratory judgment of non-infringement as to the following eight patents: U.S. Patent Nos. 9,378,493, 9,652,771, 9,996,849, 10,339,556, 10,621,612, 10,699,259, 10,565,575, and 10,825,007 (collectively, the "Patents-in-Suit"). Blaze filed a counterclaim alleging infringement as to the Patents-in-Suit. Samsung requests an order to stay the case pending the outcome of the Patent Trial and Appeal Board's ("PTAB") Ex Partes Review ("EPR") of the Patents-in-Suit.

I.   **THE PARTIES**

Plaintiff Samsung Electronics Co., Ltd is based in South Korea. Compl. ¶ 2, ECF No. 1. Plaintiff Samsung Electronics America, Inc., is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. *Id.* ¶ 3. Defendant Blaze Mobile, Inc., is a privately held corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California. *Id.* ¶ 4. Defendant Michelle Fisher is the Chief

Executive Officer and founder of Defendant Blaze Mobile, Inc., and named inventor on the Patents-in-Suit. *Id.* ¶ 5. She resides in Northern California. *Id.*

## II. BACKGROUND

On April 25, 2021, Samsung filed its Complaint seeking a declaratory judgment of non-infringement as to the Patents-in-Suit. *Id.* ¶¶ 30–33. On September 13, 2021, Blaze filed its Answer and Counterclaims alleging infringement of the Patents-in-Suit. Defs.' Answer and Countercl., ECF No. 30. The eight Patents-in-Suit can be generally classified into three groups: Near Field Communication ("NFC") Security Improvements; Non-Browser Mobile Applications Security Improvements; and Non-Browser Mobile Applications Performance Improvements. Defs.' Mem. Supp. Transfer 7–8, ECF No. 25.

Samsung subsequently filed a Rule 12(c) motion for judgment on the pleadings, alleging all Patents-in-Suit are patent-ineligible under 35 U.S.C. § 101. Pls.' Mot. Summ. J., ECF No. 47. On May 16, 2023, the Court granted Samsung's 12(c) motion in part, finding that the NFC Security Improvements patents are abstract ideas that lacked an inventive concept and are therefore patent-ineligible under the two-prong analysis from *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). Order, ECF No. 93. The Court denied in part as to Non-Browser Mobile Applications Security Improvements and Non-Browser Mobile Applicants Performance Improvements. *Id.*; Order, ECF No. 87. Blaze has since filed an amended counterclaim. Defs.' Am. Countercl., ECF No. 102. And Samsung has filed a motion to dismiss the amended counterclaims relating to the NFC Security Improvements patents. Pls.' Mot. Dismiss, ECF No. 107. The motion to dismiss has been fully briefed and awaits the Court's resolution.

On October 6, 2021, Samsung filed a motion to stay pending PTAB's resolution of its Inter Partes Review ("IPR") requests. Pls.' Mot. Stay, ECF No. 39. The Court denied Samsung's motion, finding that the mere filing of an IPR does not by itself simplify the issues in this case. Order, ECF No. 58. On June 20, 2023, Samsung filed a new motion to stay pending resolution of EPR requests it filed between September 2022 and January 2023. Pls.' Mot. Stay ("Mot. Stay"), ECF No. 103. At the time of Samsung's motion to stay, Samsung's EPR requests had been

Case No.: 5:21-cv-02989-EJD
ORDER GRANTING MOTION TO STAY

2

1  granted as to all Patents-in-Suit, and PTAB had ordered several non-final rejections. *Id.* The

2  Court now considers Samsung's June 20, 2023 motion to stay.

### III. DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

#### A. Stage of the Litigation

The first factor weighs in favor of a stay because "[d]iscovery ha[s] not yet begun and no trial date ha[s] been set." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). The case is still at the pleading stage, discovery has not begun, and the Court has yet to set a schedule for the case, much less a trial date.

#### B. Simplification of the Case

The second factor weighs in favor of a stay as well. In Samsung's first motion to stay, it argued that a stay would simplify the case because it had filed an IPR request. Pls.' Mot. Stay, ECF No. 39. As the Court noted in its prior order, "the filing of an IPR request does not by itself simplify the issues in a case." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-1362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (citing *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tx. Mar. 11, 2015). PTAB ultimately rejected Samsung's original request for IPR. Mot. Stay 3.

Here, Samsung has not merely filed an IPR request—it has successfully obtained PTO review through an EPR request. Mot. Stay 4–5. Granting a stay is "particularly" likely to

Case No.: 5:21-cv-02989-EJD
ORDER GRANTING MOTION TO STAY

3

United States District Court
Northern District of California

1  simplify the case "when a party has obtained PTO review of each of the asserted claims in the
2  patents-in-suit." *Evolutionary Intelligence*, Nos. C 13–4202 SI, C 13–4204 SI, 2014 WL 261837,
3  at *2 (N.D. Cal Jan. 23, 2014).  PTAB has granted Samsung's request for EPR and instituted
4  EPRs to all eight Patents-in-Suit.  Mot. Stay 4–5.  The United States Patent and Trademark Office
5  ("USPTO") has issued non-final rejections to three Patents-in-Suit, with the rest pending.  *Id.*  All
6  Patents-in-Suit are now subject to re-examination.  *Id.*  The ongoing reexaminations of the
7  Patents-in-Suit could simplify the case by rendering some or all of the parties' infringement and
8  non-infringement claims as moot.  *See Apple Inc. v. IXI IP, LLC*, No. 19-CV-06769-HSG, 2021
9  WL 389214, at *2 (N.D. Cal. Jan. 26, 2021) (citing *Palo Alto Networks, Inc. v. Packet Intelligence
10 LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020)).  Should the
11 claims move forward in this matter, the reexaminations would also likely assist the Court in
12 determining patent validity.  *See id.*

### C. Undue Prejudice

Finally, the third factor also weighs in favor of a stay.  "With respect to the third factor, [t]his district applies a four sub-factor analysis considering: (i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship of the parties."  *Palo Alto Networks, Inc. v. Packet Intelligence LLC*, No. 19-CV-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) (quotation marks omitted) (quoting *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *6 (N.D. Cal. Dec. 12, 2018)).  "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  *Id.* (quotation marks omitted) (quoting *Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020)).

First, Samsung filed multiple EPR requests between September 2022 and January 2023, approximately two months after the USPTO denied its final motion for rehearing of its IPR petitions.  Mot. Stay 3.  The Court finds Samsung filed its EPR requests within a reasonable time of USPTO denying its final motion for rehearing.

Case No.: 5:21-cv-02989-EJD
ORDER GRANTING MOTION TO STAY
4

1    Second, Samsung filed its request for stay on June 20, 2023. *Id.* While Samsung waited
2    approximately six months between filing for EPR and filing its motion to stay, its motion to stay
3    came just two months after PTAB ordered reexamination and just one month after the Court
4    resolved its motion for judgment on the pleadings. *Id.* at 4–5. The Court finds this timing
5    reasonable.

6    Third, as of Samsung's motion to stay on June 20, 2023, all Patents-in-Suit are under
7    reexamination, and the USPTO has ordered non-final rejections for the Mobile Payment patents
8    and one of the NFC Security patents, with action pending on the remaining Patents-in-Suit. *Id.* at
9    4–5. Samsung estimates resolution between March 2024 and July 2024. *Id.* at 4. While the Court
10   can appreciate Blaze's frustration on the delay, the Court trusts PTAB's process and does not find
11   PTAB's processing time unreasonable.

12   Fourth, the parties here are not direct competitors, which alleviates "the risk of prejudice
13   [being] higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc v.*
14   *Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014)
15   (citing *Interwoven, Inc. v. Vertical Computer Sys.*, No. 10–cv–4645–RS, 2012 WL 761692, at *3
16   (N.D. Cal. Mar. 8 2012) ("The parties' status as direct competitors also weighs against a stay
17   because it increases the likelihood of undue prejudice.")). Further, Blaze is not seeking injunctive
18   relief. *See* Defs.' Am. Countercl. Thus, any harms potentially suffered by Blaze could be
19   resolved in the damages award. *See Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-
20   03970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013).

21   Blaze argues that a stay would prejudice Blaze and provide Samsung with a tactical
22   advantage. Defs.' Opp'n Mot. 8, ECF No. 108. The Court recognizes Blaze's interest in the
23   timely enforcement of its patent rights, but in this instance, it does not find that Blaze has made a
24   "specific showing of prejudice beyond the delay necessarily inherent in any stay." *Palo Alto*
25   *Networks*, 2020 WL 5760475, at *2.[1]

---

[1] Samsung's first motion to stay asked the Court to stay the case but simultaneously allow Samsung to pursue its Rule 12(c) motion. Order 7–8, ECF No. 58. The Court found it would be

Case No.: 5:21-cv-02989-EJD
ORDER GRANTING MOTION TO STAY
5

1    Therefore, the Court finds all three factors weigh in favor of granting a stay. This case is
2    in its early stages of litigation, the reexamination of all Patents-in-Suit will likely simplify the
3    issues, and granting a stay at this stage would not cause an undue prejudice to Blaze.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Samsung's motion to stay. Pending the stay, the Court TERMINATES Samsung's motion to dismiss, ECF No. 107, and directs the parties to re-notice the Court to proceed when the stay is lifted.

**IT IS SO ORDERED.**

Dated: August 22, 2023

EDWARD J. DAVILA
United States District Judge

---

fundamentally unfair and prejudicial for Samsung to pursue a Rule 12(c) motion while freezing all other progress in the case. *Id.* Here, Samsung is not asking the Court to partially stay the case while allowing its motion to proceed. On the contrary, the Court is terminating Samsung's pending motion to dismiss while the case is stayed. *See infra* Part IV.

Case No.: 5:21-cv-02989-EJD
ORDER GRANTING MOTION TO STAY
6