UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLAZE MOBILE, INC., and MICHELLE FISHER<br><br>Defendants. | CASE NO. 21-CV-02989-EJD<br><br>**DECLARATION OF NIKHIL KRISHNAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO RESCHEDULE HEARING DATE** |

I, Nikhil Krishnan, hereby declare and state as follows:

1. I am a partner at Kirkland & Ellis LLP, counsel of record for Samsung in this case. I submit this declaration in support of Samsung's Administrative Motion Reschedule the Hearing Regarding Blaze's Motion to Reopen Discovery (Dkt. 132). I have personal knowledge of the facts stated in this declaration and, if called to do so, would testify thereto under oath.

2. I am currently representing Samsung in a pending patent infringement matter in the Eastern District of Texas, *Staton Techiya LLC and Synergy IP Corp. v. Samsung Electronics Co., Ltd. et. al*, 2:21-cv-00413-JRG-RSP. Jury selection in the *Techiya* matter begins on December 11, 2023 in the U.S. District Court for the Eastern District of Texas, in Marshall, Texas. Ex. 1 (Oct. 17, 2023 Notice of Hearing). The trial is anticipated to last 7 days.

3. Myself, Greg Arovas, Todd Friedman, and David Rokach will all be attending the *Staton Techiya* trial and will be unavailable to attend the December 14 hearing on Blaze's Motion to Reopen Discovery (Dkt. 132) in this case.

4. Alex Henriques also has a conflict, as he will be in expert depositions the entire week of December 11 as part of an International Trade Commission investigation, *In re: Certain Wi-Fi Routers, Wi-Fi Devices, Mesh Wi-Fi Network Devices, and Hardware and Software Components Thereof*, ITC No.

337-TA-1361. The depositions cannot be rescheduled due to the case schedule, and because a bench trial in that matter is set for January.

5. Brandon Brown has not made an appearance in the *Staton Techiya* case and has had no involvement in discovery in that case.

6. On November 2, 2023, I sent an email to counsel for Blaze informing Blaze of Samsung's trial date conflict and requested whether Blaze would agree to move the hearing to January 2024. *See* Ex. 2 at 3.

7. On November 2, 2023, Blaze responded and demanded that Samsung "produce all documents in the Texas litigation within 10 days, and respond to our document request that we will serve next week, we will continue the hearing and consider foregoing additional discovery until after the trial." Ex. 2 at 2–3.

8. On November 3, 2023, I sent another email to Blaze again requesting that Blaze agree to reschedule the hearing date as a professional courtesy and to avoid motion practice. Ex. 2 at 2. I further stated that Samsung would proceed with an opposed motion to move the hearing date. *Id.*

9. On November 3, 2023, Blaze responded that "Samsung has numerous lawyers who can cover the Dec. 14 hearing" and that "Kirkland's hundreds of litigation attorneys could enter an appearance and argue the motion opposition without any need to inconvenience Samsung's trial team in the Texas case." Ex. 2 at 1.

10. Absent a continuation of the hearing date, Samsung will be substantially prejudiced because counsel most knowledgeable about the issues raised in Blaze's motion—including discovery in the *Techiya* case—will be unavailable to attend the hearing.

11. The Court has previously granted or ordered the the following extensions: the Parties' stipulation to continue Blaze's Answer (Dkt. 24), the Parties' stipulation to the extend the parties' respective opposition and reply deadlines for Samsung's Motion for Judgment on the Pleadings (Dkt. 49), extended the due date of the first Joint Case Management Statement until April 11, 2024 and continued the Case Management Conference and motion hearing to May 12, 2022 (Dkt. 73), continued upcoming Case Management Conference to July 13, 2023 (Dkt. 98), the Parties' stipulation to extend Samsung's response to Blaze's Amended Answer and Blaze's opposition to Samsung's motion to stay (Dkt. 105), the

Parties' stipulation to extend Blaze's time to respond to Samsung's partial motion to dismiss (Dkt. 110), and the Parties' stipulation to extend Blaze's time to respond to Samsung's motion for leave to file and amended complaint (Dkt. 125).

12. The proposed continuance will have no impact on the schedule for the case because the case is currently stayed pending *ex parte* reexamination proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on the 22nd day of November 2023.

By:    /s/ Nikhil Krishnan
Nikhil Krishnan
Partner, Kirkland & Ellis LLP