UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC., et al.,<br><br>Defendants. | Case No.  5:21-cv-02989-EJD<br><br>**ORDER DENYING MOTION TO LIFT STAY WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 132 |

This case arises out of Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, "Samsung")'s suit against Defendants Blaze Mobile, Inc., and Michelle Fisher (collectively, "Blaze") seeking a declaratory judgment of non-infringement, and Blaze's counterclaim alleging infringement, as to the following eight patents: U.S. Patent Nos. 9,378,493, 9,652,771, 9,996,849, 10,339,556, 10,621,612, 10,699,259, 10,565,575, and 10,825,007 (collectively, the "Patents-in-Suit").  Now before the Court is Blaze's motion to lift the stay on this case.  Mot. to Lift Stay ("Blaze Mot."), ECF No. 132.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **DENIES** Blaze's motion to lift the stay without prejudice.

I.  **BACKGROUND**

On August 22, 2023, the Court granted Samsung's motion to stay the case pending the outcome of the Patent Trial and Appeal Board ("PTAB")'s Ex Partes Review ("EPR") of the Patents-in-Suit.  Order Granting Mot. to Stay ("Prior Oder"), ECF No. 119.  At the time of the Court's Prior Order, all eight Patents-in-Suit were undergoing EPR.  *Id.*  The Court found a stay

1  warranted after considering the stage of the litigation, the likelihood that a stay would simplify the
2  issues, and undue prejudice. *Id.* at 3. Specifically, the Court found that this case was still at the
3  pleading stage, discovery had not begun, and the Court had not set a schedule for the case; the stay
4  would have likely simplified the case given that Samsung obtained PTO review of all eight
5  Patents-in-Suit; and there was no specific showing of prejudice beyond the delay necessarily
6  inherent in any stay. *Id.* at 3–5.

On September 15, 2023, the Court granted the Parties' stipulation to permit Samsung to file an amended complaint and Blaze to file an amended answer and counterclaims. Order Granting Stipulation, ECF No. 127. That same day, Samsung filed its amended complaint. Am. Compl., ECF No. 128. On October 31, 2023, Blaze filed its amended answer and counterclaims, as well as its current motion to lift the stay. Answer and Affirmative Defenses, Am. Countercl. ("Am. Countercl."), ECF No. 130; Blaze Mot.

## II.   LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Microsoft Corp. v. TiVo Inc.*, No. 10-CV-00240-LHK, 2011 WL 1748428, at *3 (N.D. Cal. May 6, 2011) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate. *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

## III.   DISCUSSION

Blaze argues that changed circumstances justify lifting the stay. Blaze is primarily concerned with a similar case currently in trial in the Eastern District of Texas, *Staton Techiya v. Samsung*, E.D. Tex. Case No. 2:21-cv-00413-JRG-RSP ("*Staton*"). *See* Blaze Mot. In *Staton*, Samsung filed counterclaims against its former employees and their businesses, essentially alleging in part that they misused Samsung's confidential information in licensing negotiations conducted against Samsung. *Id.* at 1. Through discovery in *Staton*, Samsung deposed Michelle Fisher beginning on April 6, 2023 regarding Blaze's business with the former employees. *Id.* at 3.

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO LIFT STAY
2

After the Court granted the stay in this case, upon stipulation by the Parties, Samsung filed an amended complaint adding new claims against Blaze alleging that these same former employees were hired by Blaze to misuse Samsung's confidential information in licensing negotiations between Samsung and Blaze regarding the Patents-in-Suit prior to the initiation of this suit. *See* Am. Compl.; *see also* Order Granting Stipulation. Samsung's new claims include misappropriation of trade secrets, breach of fiduciary duty, and conspiracy. *See* Am. Compl. Blaze filed amended counterclaims including misappropriation of trade secrets, fraud, and breach of contract. *See* Am. Countercl. Blaze has also filed a motion to intervene in *Staton*, which is still pending before the district court. Notice of Filing, ECF No. 140; *see also Staton* at ECF 754.

Blaze argues that the addition of these amended claims and the ongoing trial in the Eastern District of Texas warrant lifting the stay because the new claims are unrelated to the patentability of the Patents-in-Suit, and preventing Blaze from conducting discovery on these new claims while Samsung has been free to conduct discovery through the *Staton* litigation is prejudicial to Blaze. Blaze Mot. 5–7. Specifically, Blaze argues that maintaining the stay creates undue prejudice because it "undermines Blaze's ability to access evidence that may be crucial to its counterclaims and defenses," thereby preventing Blaze from "defend[ing] itself against the allegations raised in Samsung's amended complaint." *Id.* at 6. For example, Blaze argues that it may lose key witnesses and evidence from third parties as witnesses involved in the negotiations leave Samsung. *Id.* at 7. Blaze also argues that the Court should lift the stay on the patent claims because PTAB has issued a decision on one of the Patents-in-Suit. *Id.* at 7–9.

The Court finds no urgency or changed circumstances warranting lifting the stay at this time. The case remains at its early pleading stages, seven of the eight Patents-in-Suit are still undergoing EPR, and Blaze has not made a specific showing of new prejudice beyond the delay necessarily inherent in any stay. Blaze is not expected to produce evidence to defend itself while the case is stayed. When the Parties notify the Court that PTAB has concluded its EPR, the Court will lift the stay and the Parties will both be free to engage in any permissible discovery they see fit. Blaze has not shown how waiting for PTAB's review will harm its ability to conduct

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO LIFT STAY
3

discovery in the future.  Key witnesses' employment status with Samsung bears no relevance on Blaze's ability to gain discovery, and Blaze has not made the Court aware of any other evidence that may be lost or unduly difficult to discover after PTAB concludes its review.

The Court therefore **DENIES** Blaze's motion to lift the stay at this time.  The Court welcomes the Parties to schedule a case management conference after the *Staton* trial concludes to discuss further scheduling.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Blaze's motion to lift the stay without prejudice.

**IT IS SO ORDERED.**

Dated: December 15, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-02989-EJD
ORDER DENYING MOTION TO LIFT STAY
4