Brandon H. Brown (CA Bar No. 26347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Gregory S. Arovas (pro hac vice)
Todd M. Friedman (pro hac vice)
Edward C. Donovan (pro hac vice)
Alex R. Henriques (pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com

David Rokach (pro hac vice)
Nikhil Krishnan (CA Bar No. 300616)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com
Email: nikhil.krishnan@kirkland.com

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC. and MICHELLE FISHER,<br><br>Defendants. | Case No. 5:21-cv-02989-EJD<br><br>**DECLARATION OF NIKHIL KRISHNAN IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 129)**<br><br>Judge: Hon. Edward J. Davila |

DECL. OF NIKHIL KRISHNAN IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Case No. 5:21-cv-02989-EJD

I, Nikhil Krishnan, hereby declare as follows:

1. I am an attorney at Kirkland & Ellis, LLP, counsel of record for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") in this case. I submit this Declaration in response to Blaze Mobile Inc. and Michelle Fisher's (collectively, "Blaze") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 129) and the Court's Order Regarding Blaze's Motion (Dkt 145). I am familiar with Samsung's treatment of highly proprietary and confidential information, based on my personal experience representing Samsung.

2. Samsung respectfully requests that the following portions of Blaze's Answer and Counterclaim to Samsung's First Amended Complaint be filed under seal:

| Document | Description | Proposed Sealed Portions |
| --- | --- | --- |
| Blaze's Answer and Counterclaims to Samsung's First Amended Complaint (Dkt. 129, Ex. A) | Highlighted materials in the lines indicated | Paragraphs 20-29, 31-46, 48-49 |
| Redline of Blaze's Answer and Counterclaims to Samsung's First Amended Complaint (Dkt. 129, Ex. 1) | Highlighted materials in the lines indicated | Paragraphs 20-29, 31-46, 48-49 |

4. Courts in this district require that parties seeking to seal a pleading or portion thereof to "articulate compelling reasons supported by specific factual findings" to justify maintaining such pleadings under seal. *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records

1

DECL. OF NIKHIL KRISHNAN IN RESPONSE TO
ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED                Case No. 5:21-cv-02989-EJD

to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

4. As noted by Blaze in its administrative motion, the proposed sealed portions are allegations by Blaze that relate to pre-suit discussions between the parties that are subject to non-disclosure agreements (NDAs) between the parties that do not permit disclosure of confidential information exchanged during those discussions.[1] The allegations include discussions of communications between the parties regarding confidential drafts exchanged for negotiations and reflecting Samsung's confidential and proprietary due diligence process. *See e.g.*, Dkt. 129, Ex. A ¶¶ 20–22, 24–49. In addition to compliance with contractual obligations, Blaze's allegations contain statements related to Samsung's confidential strategy (any of which was disclosed pursuant to the NDA) in relation to competitors in the marketplace. *See e.g.*, Dkt. 129, Ex. A ¶¶ 23, 26.

4. The above proposed sealed portions of Blaze's Answer and Counterclaim were recognized by Blaze as "subject to Non-Disclosure Agreements (NDAs) that restricted disclosure of" such information. Dkt. 129.

5. Public disclosure of these alleged pre-suit discussions (including Blaze's incorrect characterizations of those discussions) would cause Samsung competitive harm and raises a risk of putting Samsung at a disadvantage in this litigation, other litigations, or future patent licensing negotiations with other parties. *See Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023) ("Compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing."); *see also, e.g.*, *Netlist, Inc. v. Montage Tech., Inc.*, No. 22-MC-80337-VKD, 2023 WL 2940177, at *2 (N.D. Cal. Mar. 1, 2023) (sealing records where disclosure could cause competitive harm); *TSB Bank*, PLC, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (same).

---

[1] To avoid the need for requesting to seal this declaration (https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal), the subject matter at issue is described in general terms.

2

DECL. OF NIKHIL KRISHNAN IN RESPONSE TO
ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED          Case No. 5:21-cv-02989-EJD

5. The Court has previously ruled upon Samsung's request to seal information of this nature under the same contractual provisions (Dkts. 54, 57, 97). Samsung's present request relates to materials that Samsung believes are analogous to the materials the Court previously permitted to be filed under seal (relating to discussion and characterization of particular pre-suit communications between the parties).

6. The proposed sealed portions to Blaze's Answer and Counterclaim are narrowly tailored to only the specific materials that are subject to the contractual prohibitions noted above and that Samsung believes are consistent with the Court's previous rulings. Blaze has similarly stated that it believes these portions are narrowly tailored and are subject to the parties' contractual prohibitions. *See* Dkt. 129.[2]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2024         */s/ Nikhil Krishnan*
                                    Nikhil Krishnan
                                    Kirkland & Ellis LLP

---

[2] Although paragraphs 30 and 47 of Blaze's Answer and Counterclaims were identified by Blaze for consideration whether to be sealed, Samsung does not believe that sealing these paragraphs is required.

3

DECL. OF NIKHIL KRISHNAN IN RESPONSE TO
ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED                Case No. 5:21-cv-02989-EJD