1  Scott J. Bornstein (*pro hac vice*)
   scott.bornstein@gtlaw.com
2  Joshua L. Raskin (*pro hac vice*)
   joshua.raskin@gtlaw.com
3  Julie P. Bookbinder (*pro hac vice*)
   bookbinderj@gtlaw.com
4  GREENBERG TRAURIG, LLP
   One Vanderbilt Avenue
5  New York, NY 10017
   Telephone: 212.801.9200
6  Facsimile: 212.801.6400

7  Nicholas A. Brown (SBN 198210)
   nicholas.brown@gtlaw.com
8  GREENBERG TRAURIG, LLP
   4 Embarcadero Center, Suite 3000
9  San Francisco, CA 94111-5983
   Telephone: 415.655.1271
10 Facsimile: 415.520.5609

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB BANK, SSB; and THE CHARLES SCHWAB CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC.; BLAZE MOBILE TECHNOLOGIES, LLC; and MICHELLE FISHER<br><br>Defendants. | **FILED IN CASE NO. 5-21-cv-02989-EJD**<br><br>Case No. 5-25-cv-02122-BLF<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs Charles Schwab & Co., Inc., Charles Schwab Bank, SSB, and The Charles Schwab Corporation, (collectively "Schwab"), hereby file this Administrative Motion to consider whether *Charles Schwab & Co., Inc., et al. v. Blaze Mobile, Inc., et al.*, Case No. 5-25-cv-02122-BLF ("Schwab Case") is related to *Samsung Electronics Co., Ltd., et al. v. Blaze Mobile, Inc., et al.*, Case No. 5-21-cv-02989-EJD ("Samsung Case").

## I.   APPLICABLE LEGAL STANDARD

Civil Local Rule 3-12(a) provides that an action is related to another action when (1) "[t]he actions concern substantially the same parties, property, transaction or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

## II.   BACKGROUND

Ms. Fisher founded Blaze Mobile, Inc. in 2005 in Alameda, California, to "develop technologies for use in mobile commerce utilizing handheld devices." (Samsung Dkt. 30 at 13.) By 2006, "Blaze had developed its first version of the Blaze Mobile Wallet—an integrated, consumer centric, and user-friendly mobile application." (*Id.*) Ms. Fisher filed multiple patent applications describing her ideas related to the Blaze Mobile Wallet and obtained dozens of U.S. patents, including all of the patents at issue in both this case and the Schwab Case. (*See* Schwab Dkt. 1 at ¶ 38; Schwab Dkts. 2-5, 2-8; Schwab Dkt. 29 at 3; Samsung Dkt. 30 at 13.)

In 2021, Samsung filed a declaratory judgment action against Blaze Mobile, Inc. and Ms. Fisher seeking a judgment of non-infringement regarding eight of Blaze Mobile's patents: U.S. Patent Nos. 9,378,493, 9,652,771, 9,996,849, 10,339,556, 10,621,612, 10,699,259, 10,565,575, and 10,825,007.[1] (Samsung Dkt. 1; Brown Decl. Exs. D-K.) All but one of these patents name Ms. Fisher as the sole inventor. (*Id.*) After Blaze Mobile, Inc. and Ms. Fisher asserted counterclaims of patent infringement, Samsung filed a Rule 12(c) motion for a judgment of unpatentability, arguing that the patents at issue were not directed to patentable subject matter under 35 U.S.C. § 101. (Samsung Dkts. 30, 47.)

---

[1] These patents are hereinafter referred to by their last three digits.

In 2022 and 2023, this Court issued two orders granting-in-part and denying-in-part Samsung's motion. Specifically, the Court denied Samsung's motion as to the "Advertising Patents" (the '849, '556, and '612 patents) and the "Mobile Payment Patents" (the '259 and '007 patents), but found that the "NFC Security Patents" (the '493, '771, and '575 patents) were invalid for failure to comply with 35 U.S.C. § 101. (Samsung Dkts. 87, 93.) In ruling on Samsung's motion and issuing the two orders, the Court analyzed representative claims of each patent as well as the specifications of the patents. (Samsung Dkts. 87, 93.)

Relatedly, Samsung filed petitions for *inter partes* review ("IPR") of the patents at issue in the Samsung Case. (Samsung Dkt. 119 at 2.) The Patent Trial & Appeal Board denied institution of the IPRs. (*Id.* at 2-4.) Thereafter, Samsung filed requests for *ex parte* reexamination to challenge the validity of the patents, which the USPTO ordered for all eight patents. (Samsung Dkt. 119 at 2-3.) The Samsung Case was then stayed pending reexamination of the patents at issue. (Samsung Dkts. 119, 144; *see also* Samsung Dkts. 154-157.)

In 2025, Schwab filed a declaratory judgment action against Blaze Mobile, Inc., Ms. Fisher, and newly-created Blaze Mobile Technologies, LLC, seeking a judgment of non-infringement regarding three patents (U.S. Patent Nos. 10,235,664, 11,783,365 and 11,847,649) that each name Michelle Fisher as the sole inventor. (Schwab Dkt. 1.) Like the patents at issue in the Samsung Case, these patents describe Ms. Fisher's ideas related to the "Blaze Mobile Wallet." (*See* Schwab Dkt. 1 at ¶ 38, Schwab Dkt. 2-8 at 1, Schwab Dkt. 29 at 3.)

### III. THE SCHWAB CASE AND THE SAMSUNG CASE SHOULD BE RELATED

The Schwab and Samsung Cases meet both prongs of Civil Local Rule 3-12(a) because relating the cases would prevent duplication of labor and the possibility of conflicting results if the cases are conducted before different judges, and because the actions concern substantially similar patents and Blaze Mobile parties.

### A. Overlap In Claim Terms And Subject Matter Creates The Possibility Of Conflicting Results And Risk of Duplication Of Labor

As described above, all of the patents in both cases to describe Ms. Fisher's ideas related to the "Blaze Mobile Wallet." Most have an even narrower common focus: mobile banking

1  transactions, specifically payments. (Brown Decl. Exs. A-E, I-K.) The '365 patent in the Schwab
2  Case is from the same patent family—and thus has the same specification and figures—as the three
3  Advertising Patents in the Samsung Case. (Brown Decl., Exs. B, F, G, H.)
4        Additionally, all of the patents at issue in both the Schwab and Samsung Cases use
5  overlapping claim terms. As described below, there are at least four claim terms that appear to be
6  at issue in both cases, and at least one of these ("non-browser based application") has already
7  become important in both cases.
8        "***non-browser based application***." Ten of the eleven patents at issue use the claim term
9  "non-browser based application": the three patents in the Schwab Case and all the patents in the
10  Samsung Case except the '493 patent. (Brown Decl., Exs. A-C, E-K.)
11        In the Samsung Case, the term "non-browser based application" was central to the analysis
12  in this Court's orders deciding Samsung's motion to dismiss under 35 U.S.C. § 101. The Court
13  denied Samsung's motion as to the Advertising Patents because "Blaze contends that by allowing
14  the display of an advertisement in the <u>non-browser based application</u> when the mobile device has
15  lost contact with the internet, Blaze's inventions disclose an inventive concept," and "Blaze's
16  alleged inventive concept is at least plausible based on the specification." (Samsung Dkt. 87 at 14
17  (emphasis added).) The claim term "non-browser based application" was also significant to this
18  Court's order deciding Samsung's motion with respect to the Mobile Payment Patents and the
19  NFC Security Patents. Blaze alleged "the Mobile Payment Patents are an improvement over the
20  prior art because, for example, 'in offline mode <u>the non-browser-based application</u> is open and
21  while open continues to display the digital artifact even if the mobile device loses connection…'."
22  (Samsung Dkt. 93 at 20 (emphasis added).) The Court found that "[t]his allegation is supported by
23  the specification and claims of the Mobile Payment Patents." (*Id.* at 20-21.) In contrast, for the
24  NFC Security Patents, the Court granted Samsung's motion in part because "Blaze did not even
25  mention a non-browser based application" in discussing the NFC Security Patents. (*Id.* at 16.)
26        In the Schwab Case, Ms. Fisher recently submitted a declaration pointing out that the term
27  "non-browser based application" appears in the claims of all the patents at issue there. (Schwab
28  Dkt. 31 ¶ 47.) Ms. Fisher's position appears to be that the presence of that claim term shows that

the decision invalidating the NFC Security Patents in the Samsung Case does not imply or suggest anything about the patents at issue in the Schwab Case. (*Id.*) For its part, Schwab believes that the construction of the term "non-browser based application" will be both disputed and significant.

Finally, the claim term "non-browser based application"—and how it should be construed—was significant to the Patent Trial & Appeal Board in multiple decisions denying institution of Samsung's IPRs. (*See e.g.*, Samsung Dkt. 70-1 (IPR2021-01499, Paper 11) at 10-12, 17-24; Dkt. 70-2 (IPR2021-1500, Paper 11) at 11-13, 18-26; Dkt. 70-3 (IPR2021-01501, Paper 11) at 8-10, 16-20, 22-24.)

"***digital artifact***." All of the patents at issue in the Schwab Case use the claim term "digital artifact." (Brown Decl. Exs. A-C.) The term "digital artifact" is also used in the claims of five of the eight patents in the Samsung Case (the Mobile Payment Patents and the NFC Security Patents). (Brown Decl. Exs. I, K, and D, E, J.) Additionally, the term "digital artifact" is used in the specification of the other three patents in the Samsung Case (the Advertising Patents), which describe "digital artifacts" as "receipts, tickets, coupons, etc." (Brown Decl. Exs. F, G, H.)

"***remote management server***." Two of the three patents at issue in the Schwab Case (the '664 and '365 patents) use the term "remote management server." (Brown Decl. Exs. A, B.) The same term is also used in the claims of six patents in the Samsung Case (the Mobile Payment Patents, the Advertising Patents, and the '575 patent). (Brown Decl. Exs. I, K, F, G, H, and J.)

"***mobile operating system platform***." All of the patents at issue in the Schwab Case use the claim term "mobile operating system platform." (Brown Decl. Exs. A-C.) The same term is also used in the claims of three of the patents in the Samsung Case (the '771, '259 and '575 patents). (Brown Decl. Exs. E, I, J.)

The four overlapping claim terms described above create both a likelihood of duplication of labor and a risk of conflicting claim construction rulings if the Samsung Case and the Schwab Case are assigned to different judges. These risks are both enhanced by the important role that the "non-browser based application" claim term has already played in the Samsung Case, and by its likely importance to the Schwab Case.

### B. The Schwab And Samsung Cases Concern Substantially The Same Parties

The Schwab and Samsung Cases are both declaratory judgment actions involving substantially the same defendants–Blaze Mobile Inc. and Michelle Fisher. Although the Schwab Case has one additional defendant (Blaze Mobile Technologies, LLC) Ms. Fisher is the CEO and founder of Blaze Mobile Technologies and is its sole employee. (Schwab Dkt. 31 at ¶¶ 2, 19.) In addition, Blaze Mobile Technologies is solely controlled by Blaze Mobile Inc. which has no managers. (*Id.* at ¶ 18; Schwab Dkt. 1 at ¶ 12.) Further, all of the patents in the Schwab Case and all but one of the patents in the Samsung Case name Ms. Fisher as the sole inventor. (Brown Decl., Exs. A-K.) Thus, both cases involve substantially the same parties.

## IV. CONCLUSION

Accordingly, the Schwab Case and the Samsung Case both prongs of Civil Local Rule 3-12(a) and Schwab respectfully requests that they be deemed related.

DATED: June 25, 2025

**GREENBERG TRAURIG, LLP**

By: /s/ *Nicholas A. Brown*

Nicholas A. Brown (SBN 198210)
brownn@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: 415.655.1271
Facsimile: 415.520.5609

Scott J. Bornstein (*pro hac vice*)
scott.bornstein@gtlaw.com
Joshua L. Raskin (*pro hac vice*)
joshua.raskin@gtlaw.com
Julie P. Bookbinder (*pro hac vice*)
bookbinderj@gtlaw.com
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Counsel for Plaintiffs Charles Schwab & Co., Inc., Charles Schwab Bank, SSB, and The Charles Schwab Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in *Samsung Electronics Co., Ltd., et al. v. Blaze Mobile, Inc., et al.*, Case No. 5-21-cv-02989-EJD (N.D. Cal.).

In addition, in accordance with Civ. L. R. 3-12(a), on this date I served an electronic copy of the foregoing on Darren Donnelly, counsel for Blaze Mobile, Inc., Blaze Mobile Technologies, LLC, and Michelle Fisher in *Charles Schwab & Co., Inc et al. v. Blaze Mobile, Inc. et al.*, Case No. 5-25-cv-02122-BLF, at Mr. Donnelly's email address of record in the CM/ECF system: DDonnelly@Polsinelli.com.

DATED: June 25, 2025                    */s/ Nicholas A. Brown*
                                         Nicholas A. Brown