UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAZE MOBILE, INC., et al.,<br><br>Defendants. | Case No.  5:21-cv-02989-EJD<br><br>**ORDER GRANTING MOTION TO PARTIALLY LIFT STAY**<br><br>Re: ECF No. 166 |

Defendants Blaze Mobile, Inc. and Michelle Fisher (collectively, "Blaze") move the Court for an Order lifting the stay in this case. Mot., ECF No. 166. The Court stayed this action in August 2023 pending the USPTO's resolution of *ex parte* reexaminations ("EPR") requested by Plaintiffs Samsung Electronics Co. and Samsung Electronics America, Inc. (collectively, "Samsung"). ECF No. 119. The EPRs concerned the validity of the eight patents asserted in this case (the "Patents-in-Suit"), which the parties group into three categories: the Advertising Patents (U.S. Patent Nos. 9,996,849, 10,339,556, and 10,621,612); the NFC Security Patents (U.S. Patent Nos. 9,652,771, 10,565,575, 9,378,493); and the Mobile Payment Patents (U.S. Patent Nos. 10,825,007, 10,699,259).[1] Blaze seeks a partial lift of the stay as to those Patents-in-Suit for which reexamination is complete—the Advertising Patents and two of the three NFC Security Patents—and Blaze's non-patent claims.[2] Blaze's motion has been fully briefed. Opp., ECF No.

---

[1] The Court refers to each of the Patents-in-Suit by their three terminal digits. For example, U.S. Patent No. 9,996,849 will hereinafter be referred to as the "'849 Patent."

[2] Blaze initially sought to lift the stay in its entirety but narrowed its request on reply. *Compare* Mot. at 11, *with* Reply at 7. The Court will consider Blaze's narrowed request as the operative one here.

Case No.: 5:21-cv-02989-EJD
ORDER LIFTING STAY

1

167; Reply, ECF No. 168.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (cleaned up).  To determine whether a stay pending reexamination proceedings is appropriate, courts consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Cooler Master Co. v. Asetek Danmark A/S*, No. 21-cv-04627, 2022 WL 2673089, at *1 (N.D. Cal. June 14, 2022) (quoting *IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-03752, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015))

Here, the three factors weigh strongly in favor of partially lifting the stay.  It is undisputed that the USPTO has completed reexamination of the Patents-in-Suit other than issuing the reexamination certificate for the '612 Patent.  *See* Mot. at 3.  Only three of the eight Patents-in-Suit are still subject to further review: the USPTO determined that the '493 Patent, '007 Patent, and '259 Patent are invalid in their entirety, and Blaze has appealed those decisions to the PTAB and Federal Circuit.  Given that reexamination of the majority of the Patents-in-Suit is finished, maintaining the stay will not greatly simplify the issues in this case.  In fact, the opposite is more likely.  Lifting the stay will allow the parties to proceed to discovery and file dispositive motions that could reduce the issues for trial.  Further, the Court is unpersuaded by Samsung's argument that partially lifting the stay at this time would lead to duplication of work and greater inefficiency once the rest of the stay is eventually lifted.  *See* Opp. at 13.  Discovery on the patents for which reexamination is complete—*i.e.*, the Advertising Patents and two of the NFC Security Patents— and on Blaze's non-patent claims will help, rather than hinder the progression of this case.  Blaze accuses different products as infringing each of the three categories of the Patents-in-Suit, so discovery on the accused products for the Advertising Patents and NFC Security Patents will not overlap with discovery for the Mobile Payments Patents that are still on appeal.

Partially lifting the stay now would also prevent potential prejudice to Blaze.  This case

has been pending for more than four years and stayed for half of that time. As more time passes, relevant witnesses may become unavailable, and evidence may be lost. The only factor in favor of maintaining the stay is the first, as this case was stayed in its early stages. However, that is a product of Samsung's requesting the EPRs of the Patents-in-Suit and moving to stay the case before the parties had the opportunity to engage in discovery or set a date for trial. Considering the above, a complete stay of this case is no longer necessary or useful to promote efficiency.

Accordingly, the Court **GRANTS** Blaze's motion and partially lifts the stay in the above-captioned action as to the Advertising Patents, the '575 Patent, the '771 Patent, and Blaze's non-patent claims. The Court sets an Initial Case Management Conference for **Thursday, October 9, 2025 at 10:00 A.M**. The parties shall file a Joint Case Management Conference Statement by **Monday, September 29, 2025**.

**IT IS SO ORDERED.**

Dated: September 9, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-02989-EJD
ORDER LIFTING STAY
3