Brandon H. Brown (CA Bar No. 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex R. Henriques (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com

David Rokach (*pro hac vice*)
Nikhil Krishnan (CA Bar No. 300616)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com
Email: nikhil.krishnan@kirkland.com

*Attorneys for Samsung Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLAZE MOBILE, INC., and MICHELLE FISHER<br><br>Defendants. | CASE NO. 21-CV-02989-EJD<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SAMSUNG'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

1    In accordance with Civil Local Rules 7-11 and 79-5 and the Court's Standing Order, Plaintiffs and Counterclaim Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") submit this administrative motion to file under seal certain portions of Samsung's Reply in Support of Motion to Dismiss.

Samsung respectfully requests that the following portions of the Reply be filed under seal:

| Document | Description | Proposed Sealed Portions |
|---|---|---|
| Samsung's Reply in Support of Motion to Dismiss | Highlighted materials in the lines indicated | Portions highlighted in yellow on page 18 in unredacted version |

Courts in this district typically require that parties seeking to seal a motion to dismiss or portions thereof articulate "compelling reasons" to justify maintaining such material under seal. *See SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-01321-BLF, 2024 WL 4137266, at *1 (N.D. Cal. Aug. 26, 2024). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The proposed sealed portions of Samsung's reply relate to allegations by Blaze that are quoted or discussed in the motion that relate to pre-suit discussions between the parties that were made under nondisclosure agreements (NDAs) between the parties that do not permit disclosure of confidential information exchanged during those discussions.[1] Kriahnan Decl. ¶ 4.

In addition to compliance with contractual obligations, this subject matter relates to (Blaze's characterization of) pre-suit discussions between the parties that raises a risk of putting Samsung at a disadvantage in litigation—as indicated, for example, by Blaze's attempts to (incorrectly) characterize this material in a way that seeks to cast Samsung in an unfavorable light and raises a risk of putting Samsung

---

[1] To avoid the need for requesting to seal this declaration (https://cand.uscourts.gov/cases-efiling/cm-ecf/e-filing-my-documents/e-filing-under-seal), the subject matter at issue is described in general terms.

at a disadvantage in other litigations or future patent licensing negotiations with other parties. *Id.* ¶ 6; *see also, e.g., Netlist, Inc. v. Montage Tech., Inc.*, No. 22-MC-80337-VKD, 2023 WL 2940177, at *2 (N.D. Cal. Mar. 1, 2023) (sealing records where disclosure could cause competitive harm); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023) ("Compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing."). In particular, courts have found that information relating to confidential licensing negotiations provide compelling reasons for sealing. *See, e.g., In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-JSC, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) (recognizing courts have found "details of confidential licensing negotiations" satisfy "compelling reasons" standard for sealing).

The Court has previously found that a compelling basis exists to seal Blaze's allegations regarding the parties' pre-suit discussions and has sealed the allegations Samsung quotes or discusses in its reply that it now seeks to seal. Dkt. 147. Further, the Court has previously ruled upon Samsung's request to seal information of this nature under the same contractual provisions. Dkts. 54, 57.

Samsung is mindful of the Court's rulings and has narrowly tailored its request to seal only materials that are subject to the contractual prohibitions noted above and that Samsung believes are analogous to materials that the Court has previously permitted to be filed under seal. Krishnan Dec. ¶¶ 7-8.

Accordingly, Samsung respectfully requests that the Court enter an Order sealing the identified portions of Samsung's Reply in Support of its Motion to Dismiss.

| | | |
|---|---|---|
| 1 | DATED: October 14, 2025 | Respectfully submitted,<br>KIRKLAND & ELLIS LLP |
| 2 | | |
| 3 | | */s/ Nikhil Krishnan*<br>Brandon H. Brown (CA Bar No. 266347) |
| 4 | | KIRKLAND & ELLIS LLP<br>555 California Street |
| 5 | | San Francisco, CA 94104<br>Telephone: (415) 439-1400 |
| 6 | | Facsimile: (415) 439-1500<br>Email: brandon.brown@kirkland.com |
| 7 | | |
| 8 | | Gregory S. Arovas (*pro hac vice*)<br>Todd M. Friedman (*pro hac vice*) |
| 9 | | Alex R. Henriques (*pro hac vice*)<br>James E. Marina (*pro hac vice*) |
| 10 | | Peter Evangelatos (*pro hac vice*)<br>KIRKLAND & ELLIS LLP |
| 11 | | 601 Lexington Avenue<br>New York, NY 10022 |
| 12 | | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 13 | | Email: greg.arovas@kirkland.com |
| 14 | | Email: todd.friedman@kirkland.com<br>Email: alex.henriques@kirkland.com |
| 15 | | Email: peter.evangelatos@kirkland.com |
| 16 | | Sean McEldowney (*pro hac vice*) |
| 17 | | Stephen DeSalvo (*pro hac vice*)<br>KIRKLAND & ELLIS LLP |
| 18 | | 1301 Pennsylvania, N.W.<br>Washington, D.C. 20004 |
| 19 | | Telephone: (202) 389-5000 |
| 20 | | Facsimile: (202) 389-5200<br>Email: sean.mceldwoney@kirkland.com |
| 21 | | |
| 22 | | David Rokach (*pro hac vice*)<br>Nikhil Krishnan (CA Bar No. 300616) |
| 23 | | KIRKLAND & ELLIS LLP<br>300 North LaSalle |
| 24 | | Chicago, IL 60654<br>Telephone: (312) 862-2000 |
| 25 | | Facsimile: (312) 862-2200<br>Email: nikhil.krishnan@kirkland.com |
| 26 | | Email: david.rokach@kirkland.com |
| 27 | | |
| 28 | | |

1
2
3
4
5
6
7

Michael Lehr
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: (801) 877-8090
Facsimile: (801) 877-8101
Email: mike.lehr@kirkland.com

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SAMSUNG'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL

5