
Brandon H. Brown (CA Bar No. 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex R. Henriques (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com

David Rokach (*pro hac vice*)
Nikhil Krishnan (CA Bar No. 300616)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: drokach@kirkland.com
Email: nikhil.krishnan@kirkland.com

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLAZE MOBILE, INC., and MICHELLE FISHER <br><br> Defendants. | CASE NO. 21-CV-02989-EJD <br><br> **DECLARATION OF NIKHIL KRISHNAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge: Hon. Edward J. Davila |

KRISHNAN DECLARATION

I, Nikhil Krishnan, hereby declare and state as follows:

1. I am an attorney at Kirkland & Ellis LLP, counsel of record for Samsung in this case. I submit this declaration in support of Samsung's Administrative Motion to File Under Seal Certain Materials Relating to its Reply in Support of Motion to Dismiss. I have personal knowledge of the facts stated in this declaration and, if called to do so, would testify thereto under oath.

2. In its Administrative Motion Samsung respectfully requests that the following document be filed under seal, either in whole or in part:

| Document | Description | Proposed Sealed Portions |
|---|---|---|
| Samsung's Reply in Support of Motion to Dismiss | Highlighted materials in the pages indicated | Portions highlighted in yellow on page 18 in unredacted version |

3. Courts in this district typically require that parties seeking to seal a motion to dismiss or portions thereof articulate "compelling reasons" to justify maintaining such material under seal. *See SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 5:24-CV-01321-BLF, 2024 WL 4137266, at *1 (N.D. Cal. Aug. 26, 2024). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

4. The proposed sealed portions of Samsung's reply relate to allegations by Blaze that are quoted or discussed in the reply that relate to pre-suit discussions between the parties that were made under nondisclosure agreements (NDAs) between the parties that do not permit disclosure of confidential information exchanged during those discussions.[1]

---

[1] To avoid the need for requesting to seal this declaration (https://cand.uscourts.gov/cases-efiling/cm-ecf/e-filing-my-documents/e-filing-under-seal), the subject matter at issue is described in general terms.

KRISHNAN DECLARATION                                    CASE NO. 21-CV-02989-EJD

5.      Blaze has stated that the portions of its counterclaims that Samsung discusses in its reply and seeks to seal are "subject to Non-Disclosure Agreements (NDAs) that restricted disclosure of" such information. Dkt. 129.

6.      Public disclosure of these alleged pre-suit discussions (including Blaze's incorrect characterizations of those discussions discussed in Samsung's briefing) and the parties' NDAs would cause Samsung competitive harm and raises a risk of putting Samsung at a disadvantage in this litigation, other litigations, or future patent licensing negotiations with other parties. *See Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023) ("Compelling reasons exist to seal trade secrets, which includes confidential source code and confidential business information that, if published, may harm a party's competitive standing."); *see also, e.g., Netlist, Inc. v. Montage Tech., Inc.*, No. 22-MC-80337-VKD, 2023 WL 2940177, at *2 (N.D. Cal. Mar. 1, 2023) (sealing records where disclosure could cause competitive harm); *TSB Bank, PLC*, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (same). In particular, courts have found that information relating to confidential licensing negotiations provide compelling reasons for sealing. *See, e.g., In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-JSC, 2022 WL 4137580, at *2 (N.D. Cal. Aug. 26, 2022) (recognizing courts have found "details of confidential licensing negotiations" satisfy "compelling reasons" standard for sealing).

7.      The Court has previously found that a compelling basis exists to seal Blaze's allegations regarding the parties' pre-suit discussions and has sealed the allegations Samsung quotes or discusses in its reply that it now seeks to seal. Dkt. 147. Moreover, the Court has previously ruled upon Samsung's request to seal information of this nature under the same contractual provisions. Dkts. 54, 57, 97. Samsung's present request relates to materials that are the same or analogous to the materials the Court previously permitted to be filed under seal (relating to discussion and characterization of particular pre-suit communications between the parties).

8.      The proposed sealed portions to Samsung's reply are narrowly tailored to only the specific materials that are subject to the contractual prohibitions noted above and that Samsung believes are consistent with the Court's previous rulings. Blaze has similarly stated that it believes these portions of

its counterclaims are narrowly tailored and are subject to the parties' contractual prohibitions. *See* Dkt. 129.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on the 14th day of October 2025.

By:   */s/ Nikhil Krishnan*
Nikhil Krishnan
Partner, Kirkland & Ellis LLP